

PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Michael Adelman**

Direct Tel: 212-326-0435
Direct Fax: 212-326-0806
MAdelman@PRYORCASHMAN.com

February 12, 2020

**VIA ECF**

The Honorable Andrew L. Carter
United States District Court
40 Foley Square, Room 435
New York, NY 10007

    Re:    *OMG Accessories LLC v. Mystic Apparel LLC and Kohl's Dept. Stores, Inc.*, **Case No. 19-cv-11589 (ALC)**

Dear Judge Carter:

    We represent Plaintiff OMG Accessories LLC ("Plaintiff") in the above-captioned action against Defendants Mystic Apparel LLC and Kohl's Dept. Stores, Inc. (collectively, "Defendants"). We write under Rule 2(A) of Your Honor's Individual Rules and Practices in response to Defendants' February 7, 2020 letter requesting a pre-motion conference with the Court to discuss their proposed 12(b)(6) motion to dismiss Plaintiff's complaint alleging Defendants' infringement of its copyrighted design, VA 2-130-100, the Unicorn Pattern. (ECF No. 18.)

    For the reasons stated below, the Court should not permit Defendants to move to dismiss the Complaint, and instead should order the parties to proceed to discovery.

    **I.**    **Legal Standard Governing Copyright Infringement Claim**

    For a copyright infringement claim to survive a motion to dismiss, the plaintiff must sufficiently plead that (i) it has a valid copyright; (ii) that the defendant copied the plaintiff's work, and that such copying is "illegal because a substantial similarity exists between the defendant's work and the protectible [sic] elements of plaintiff's." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (quotation omitted). A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright, 17 U.S.C. § 410(c), and such protection extends to pictorial works. *Id.* § 102(a)(5). Further, as with any protectable work under the Copyright Act, copyright in a work protects against unauthorized copying not only in the work's original medium but also in any other medium. *See, e.g.*, *Rogers v. Koons*, 960 F.2d 301, 305 (2d Cir. 1992) (finding infringement where defendant copied two-dimensional black and white photograph and created three dimensional colorful sculpture); 1 NIMMER ON COPYRIGHT § 8.01[B] (2019).



The Honorable Andrew L. Carter
February 12, 2020
Page 2

## II. Plaintiff Has Established Valid Ownership of Copyright

As Defendants admit, Plaintiff holds the U.S. Copyright Registration No. VA 2-130-100, which it attached to the Complaint as Exhibit A. (ECF No. 1, Ex. A.) Thus, Plaintiff has established the presumption of validity of its copyright, and the burden shifts to Defendants to rebut it. *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (citation omitted). Defendants contend that the threshold question of its motion will be "what characteristics of [Plaintiff's] design have gained copyright protection." (ECF. No. 18, at 3 (quotation omitted)). Defendants incorrectly believe that the illustrated elements of "eyes, ears, hair, horns, etc." in Plaintiff's work are in the public domain. (*Id.*)

"To qualify for copyright protection, a work must be original to the author." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345 (1991). Original "means only that the work was independently created by the author" and "that it possesses at least some minimal degree of creativity." *Id.* An original work does not need to "be either novel or unique, it simply means . . . a work that comes from the exercise of the creative powers [and] the fruits of the author's intellectual labor." *I.C. ex rel. Solovsky v. Delta Galil USA,* 135 F. Supp. 3d 196, 213–14 (S.D.N.Y. 2015) (quotation omitted). Thus, "the requisite level of creativity is extremely low, even a slight amount will suffice" and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Feist*, 499 U.S. at 345 (citation omitted).

It is well settled that a work that is a compilation of otherwise unprotectable elements may be copyrightable. *Id.,* at 499 U.S. at 362. In such a case, copyright protection extends to the way in which the author has "selected, coordinated, and arranged" the elements of the work. *Knitwaves*, 71 F.3d at 1003-04; *see also Klauber Bros., Inc. v. Jenny Yoo Collection, Inc.,* No. 16 CIV. 9260 (LLS), 2017 WL 4082483, at *6 (S.D.N.Y. July 18, 2017) (denying motion to dismiss infringement claim because "it is premature to determine as a matter of law that an ordinary observer, not set out to detect the disparities, would not overlook them, or would not regard the designs' aesthetic appeal as the same.").

For example, in *I.C. ex rel. Solovsky*, the court denied the defendant's motion to dismiss the plaintiff's claim of infringement of a t-shirt design, in which the author chose to "place the positive smiley face and the word 'hi' on the front of the shirt . . . and chose to place the negative frowning face and the word 'bye' on the back of the shirt." 135 F. Supp. at 214–15. The court denied the defendants' Rule 12(b)(6) motion to dismiss, which argued that the design was not original enough to be protectable, and held that "[a]t the motion to dismiss stage, the Court cannot conclude that the selection and arrangement of plaintiff's design lacks the 'extremely low' requisite level of creativity to be original. . . . Although the selection and arrangement of these elements may have only required a modest amount of creativity, that is all that is needed for plaintiff to survive a motion to dismiss." *Id.*

Similarly here, Plaintiff's design is sufficiently original in its selection and arrangement of the various elements that comprise the Unicorn Pattern Design. The way in which Plaintiff has



The Honorable Andrew L. Carter
February 12, 2020
Page 3

arranged the hearts under the closed eyes of the unicorn, the unicorn's lush eyelashes, the small nostrils (instead of the usual horse-like muzzle), the glitter unicorn horn, and the rainbow hair strands on top of the unicorn's head (from left to right, red, pink, yellow and blue), together create a unique compilation and arrangement sufficient to constitute original expression. (*See* ECF No. 1, Ex. A, at 1). Thus, the arrangement of these elements is indeed copyrightable.

### III.     Plaintiff Has Adequately Pleaded Substantial Similarity

"[I]n comparing works for infringement purposes . . . [courts] examine the works' 'total concept and feel.'" *Knitwaves*, 71 F.3d at 1003 (quoting *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir. 1982)). This is because a defendant may infringe not only through literal copying of a portion of a plaintiff's work, but also "by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of public domain compositions, if any, together with the development and representation of wholly new motifs and the use of texture and color, etc.—are considered in relation to one another." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134 (2d Cir. 2003). Ultimately, the inquiry focuses on whether the alleged infringer has misappropriated "the original way in which the author has 'selected, coordinated, and arranged' the elements of his or her work." *Knitwaves,* 71 F.3d at 1004 (quotation omitted).

Here, Plaintiff attached to its Complaint examples of the registered work, the Unicorn Pattern, and the Defendants' infringing products that misappropriated the way in which Plaintiff "selected, coordinated, and arranged" the elements of Plaintiff's Unicorn Pattern. (*See* ECF No. 1 Exs. A-B.) As is evident from these images, Defendants copied the unique and original way that Plaintiff arranged the hearts under the unicorn's eyes, the lush lashes on the unicorn's closed eyes, the small nostrils (instead of the usual horse-like muzzle), the glitter unicorn horn, and the rainbow hair strands on top of the unicorn's head (from left to right, red, pink, yellow and blue), and reproduced these protectable elements in a three-dimensional backpack product. A holistic view of both these images clearly demonstrates that the "total concept and feel" of the two images are substantially similar, and that Defendants' misappropriation of these arranged properties is a clear "parroting" of the Unicorn Pattern. *Tufenkian,* 338 F.3d at 134.

Accordingly, Defendants' request for a pre-motion conference for a Rule 12(b)(6) motion should be denied.

Respectfully submitted,

Michael Adelman