UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: March 25, 2021

OMG ACCESSORIES LLC,

          **Plaintiff,**

-against-

MYSTIC APPAREL LLC AND KOHL'S DEPARTMENT STORES, INC.,

          **Defendants.**

19 CV 11589 (ALC) (RWL)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

    Plaintiff, OMG Accessories LLC ("Plaintiff") brings this action for copyright infringement of its Unicorn Pattern Design against Defendants Mystic Apparel LLC and Kohl's Department Stores, Inc ("Defendants"). Pending before the Court is Defendants' motion to dismiss the complaint. (ECF No. 23). For the following reasons, Defendants' motion to dismiss is denied.

## BACKGROUND

    Plaintiff, OMG Accessories LLC, is the copyright proprietor in the design entitled "Unicorn Pattern." Compl. At ¶ 7. Plaintiff alleges that the design contains original material that is copyrightable, and the Unicorn Pattern Design was published around September 15, 2017. *Id.* at ¶ 8. The Unicorn Pattern Design was registered for copyright protection under the registration number VA 2-130-100. *Id.* at ¶ 9. It was issued on June 5, 2018, and it is presently valid and subsisting. *Id.*

    Plaintiff alleges that around 2019, Defendants Mystic and Kohl's infringed Plaintiff's copyright interest in the Unicorn Pattern Design when they sold backpacks and lunchboxes with a design that was reproduced from the Unicorn Pattern Design. *Id.* at ¶ 11. Plaintiff states that Defendants have reproduced the design without the permission, license, or consent of Plaintiff.

1

The complaint includes two demonstratives comparing the subject Unicorn Pattern Design to the alleged infringing product, the Unicorn Backpack and lunchbox set. *See* Exs. A, B. These demonstratives are reproduced below:



Plaintiff further alleges that Defendants gained access to the Unicorn Pattern Design through Plaintiff's website, social media, showroom, and/or samples. *Id.* at ¶ 12. Additionally, Plaintiff states that Kohls would have had direct access to the design, as they previously purchased products from Plaintiff exhibiting the Unicorn Pattern Design. *Id.*

## PROCEDURAL HISTORY

Plaintiff commenced this action on December 18, 2019, and Defendants answered the complaint on November 14, 2020. (ECF Nos. 1, 14.) The case was then referred to Magistrate Judge Robert W. Lehrburger for pre-trial supervision. (ECF No. 15.) After requesting a pre-motion conference in anticipation of a motion to dismiss, Defendants moved to dismiss this action on April 14, 2020. (ECF No. 23.) Plaintiff opposed the motion on May 12, 2020, and Defendant replied on May 26, 2020. (ECF Nos. 27, 29.) The Court considers the motion fully briefed.

**DISCUSSION**

**I.    Standard of Review**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

Defendants argue that their design is not substantially similar to Plaintiff's Unicorn Pattern Design as there are far more differences than similarities between Defendants' cartoon and Plaintiff's Unicorn Pattern Design. Additionally, Defendants argue that Plaintiff's copyright claim regarding the lunchbox has no cognizable similarity with Plaintiff's cartoon and is objectively unreasonable. *See generally* Defs.' Mem of Law.

## II.     Copyright Infringement

"In order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). "Although substantial similarity analysis often presents questions of fact, where the court has before it 'all that is necessary to make a comparison of the works in question,' it may rule on 'substantial similarity as a matter of law on a Rule 12(b)(6) motion to dismiss.' " *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 290–291 (S.D.N.Y. 2012) (quoting *Peter F. Gaito*, 602 F.3d at 65). This is because, in considering whether the works are substantially similar, "what is required is only a visual comparison of the works." *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991); *see Peter F. Gaito*, 602 F.3d at 64.

Here, "it is entirely appropriate for [a] district court to consider the similarity between th[e] works in connection with a motion to dismiss." *Peter F. Gaito*, 602 F.3d at 64. When a court is called upon to consider whether two works are substantially similar, "no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works," and "the works themselves supersede and control contrary descriptions of them, including any contrary

4

allegations, conclusions[,] or descriptions contained in the pleadings." *Id.* (citations and quotation marks omitted). However, "the question of substantial similarity typically presents an extremely close question of fact." *Id.* at 63 (citing *Arnstein v. Porter*, 154 F.2d 464, 468–69 (2d Cir. 1946)). Thus, "the question . . . is generally a factual inquiry reserved to the trier of fact," *Blakeman v. The Walt Disney Co.*, 613 F. Supp. 2d 288, 305 n.4 (E.D.N.Y. 2009) (citations omitted), because "[t]he test for infringement of copyright is of necessity vague," *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960), and "[t]he determination of the extent of similarity that will constitute a substantial, and hence infringing, similarity presents one of the most difficult questions in copyright law, and one that is the least susceptible of helpful generalizations," *Peter F. Gaito*, 602 F.3d at 63 (alterations in original) (citing 4–13 Nimmer on Copyright § 13.03 (2009)); *see also Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 911 (2d Cir. 1980) ("[T]he question of infringement is generally resolved by the fact-finder's prediction of the probable reaction of a hypothetical 'ordinary observer.' ").

### i. Substantial Similarity

The basic tenet of a copyright infringement claim is plaintiff's allegation that a defendant's work or product is "substantially similar" to his or her own protected work. *See Peter F. Gaito*, 602 F.3d at 63. To determine substantial similarity, courts ask "whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'" *Id.* at 66. (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001)). In other words, the question becomes "whether 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" *Id.* (quoting *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995)).

However, if the protected work in question includes "both protectible and unprotectible elements," courts may apply a "more discerning" standard that requires the court to "'extract the unprotectible elements from [its] consideration and [to] ask whether the protectible elements, standing alone, are substantially similar.'" *Id.* (quoting *Knitwaves, Inc.*, 71 F.3d at 1002). However, in no event must the court "dissect [the works] into their separate components, and compare only those elements which are in themselves copyrightable." *Id.* (internal citations omitted). Instead, the Court "'compar[es] the contested design's "total concept and overall feel" with that of the allegedly infringed work,' as instructed by '[its] good eyes and common sense.'" *Id.* (first quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133 (2d Cir. 2003), then quoting *Hamil Am. Inc.*, 193 F.3d a t 102.

As an initial matter, the Court notes that Plaintiff has argued that its claim is directed at the backpack, not the lunchbox. Therefore, the Court shall only address the image on the backpack, which is the only image attached to the complaint. *See* Ex. B. Additionally, the Court notes that it will apply the more discerning substantial similarity analysis because the work contains both protectable and unprotectable elements. *Peter F. Gaito Architecture*, 602 F.3d at 66. In order to grant this motion to dismiss as a matter of law, therefore, the Court must find that "no reasonable jury, properly instructed, could find that the two works are substantially similar." *Peter F. Gaito*, 602 F.3d at 63 (quoting *Warner Bros.*, 720 F.2d at 240). The Court first "attempt[s] to extract the unprotectible elements from our consideration and ask[s] whether the *protectible elements, standing alone*, are substantially similar." *Knitwaves Inc.,* 71 F.3d at 1002.

Defendants allege that Plaintiff's use of a close-eyelash line to express the eye of a unicorn, rainbow forelocks, and depiction of the horn of a unicorn are not protactable elements. The Court agrees. The unicorn is a mythical creature and it is often depicted with rainbow colored elements

6

or other glamorized features regarding its horn and eyes. However, the Court concludes that the works do "share a similarity of expression" or a similarity in their "total concept or feel" sufficient to survive a motion to dismiss. *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 309 (S.D.N.Y. 1999) (quoting *Williams v. Crichton*, 84 F.3d 581, 589 (2d Cir. 1996)). The cumulative effect of the closed eyes with distinctive eyelashes, rainbow colored locks, glittered horn, and pink hearts on the face or cheek of the unicorn[1] present a concept that is similar to the Unicorn Pattern Design and alleged infringing design. With this in mind, the Court finds that it would be premature to decide, at this stage, that "no reasonable jury, properly instructed, could find that the two works are substantially similar" based on their "total concept and overall feel." *Peter F. Gaito*, 602 F.3d at 63 (emphasis added).

  ii.   **Fair Use**

Defendants allege that even assuming Plaintiff has a plausible claim for copyright infringement, the case should be dismissed because the use qualifies as fair use. However, similar to Defendants' substantial similarity argument, the Court finds that it is premature to conclude as a matter of law that Plaintiff's claim must be dismissed based on Defendants' alleged fair use.

Fair use is an affirmative defense to copyright infringement, *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 590, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994), and thus the party asserting fair use bears the burden of proof. *American Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 918 (2d Cir. 1994). Courts developed the fair use doctrine to preclude a finding of infringement where "the copyright law's goal of 'promoting the Progress of Science and useful Arts' . . . would be better served by allowing the use than by preventing it." *Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc.*,

---

[1] From the images provided in the complaint, it is unclear whether there are two hearts on the cheek of the unicorn backpack as depicted in Plaintiff's copyrighted image. However, the Court can clearly discern that there is at least one heart present on the face of the unicorn in the alleged infringing product.

150 F.3d 132, 141 (2d Cir. 1998). Congress codified the fair use doctrine in the Copyright Act of 1976. Section 107 of the Act provides that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research is not an infringement of copyright" and identified four factors to be considered in determining whether a use is fair. 17 U.S.C. § 107.

The statutory fair use factors are: "(1) The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) The nature of the copyrighted work; (3) The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) The effect of the use upon the potential market for or value of the copyrighted work." *Id.* Because the fair use determination is "an open-ended and context-sensitive inquiry," the examples and factors in the statute are "illustrative and not limitative . . . [and] provide only general guidance about the sorts of copying that courts and Congress most commonly had found to be fair uses." *Cariou v. Prince*, 714 F.3d 694, 705 (2d Cir. 2013) (quoting *Campbell*, 510 U.S. at 577-–8, 114 S.Ct. 1164). "Ultimately, fair use analysis asks a simple question: Is this the type of use that furthers the essential goal of copyright law and should be excused from liability for infringement?" *Est. of Smith v. Cash Money Recs.,* Inc., 253 F. Supp. 3d 737, 748 (S.D.N.Y. 2017), aff'd sub nom. *Est. of Smith v. Graham*, 799 F. App'x 36 (2d Cir. 2020). *See Campbell*, 510 U.S. at 577, 114 S.Ct. 1164 (Copyright Act's fair use provision "permits and requires courts to avoid rigid application of the copyright statute, when, on occasion, it would stifle the very creativity that it is designed to foster").

Fair use is a mixed question of law and fact. *Cariou,* 714 F.3d at 704-05. A court cannot engage in the fair use inquiry until it has been presented with facts relevant to evaluating the fair use factors. *See Harper & Row Publishers, Inc. v. Nation Enterprises.*, 471 U.S. 539, 560, 105 S.Ct.

2218, 85 L.Ed.2d 588 (1985) (an appellate court may determine that the fair use defense applies as a matter of law when there are "facts sufficient to evaluate each of the statutory factors"). Courts have granted motions to dismiss infringement claims based on a defendant's fair use defense when "discovery would not provide any additional relevant information" and "[a]ll that is necessary for the court to make a determination as to fair use are the two [works] at issue." *Arrow Productions, Ltd. v. Weinstein Co.*, 44 F. Supp.3d 359, 368 (S.D.N.Y. 2014); *cf. Lombardo v. Dr. Seuss Enterprises, L.P.*, 279 F. Supp.3d 497, 504 (S.D.N.Y. 2017), *affirmed* 729 Fed. App'x 131 (S.D.N.Y. 2018) ("Numerous courts in this district have resolved the issue of fair use on a motion for judgment on the pleadings by conducting a side-by-side comparison of the works at issue"); *Bue see Graham v. Prince*, 265 F. Supp. 3d 366, 377 (S.D.N.Y. 2017), citing *TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016). "[D]ue to the fact-sensitive nature of the inquiry," however, "courts generally do not address the fair use defense until the summary judgment phase."

Defendant urges the Court to find that even if there is a substantial similarity between the Unicorn Pattern Design and the alleged infringing design, fair use precludes infringement. However, the Court finds it essential that the record be developed before determining whether the fair use doctrine precludes a finding of infringement in this matter. As the Court is limited to the facts alleged in the complaint and neither Parties' memorandum of law sheds much light on the issue, the Court is therefore restricted in its ability to perform the fact-based inquiry required for a fair use analysis.

Specifically, in light of Plaintiff's allegations that Defendant Kohls would have had direct access to the design, as they previously purchased products from Plaintiff exhibiting the Unicorn Pattern Design, and that around 2019 when Defendant Kohls began retailing the alleged infringed product Plaintiff's sales declined, the Court cannot fully ascertain the first and fourth factors—

9

purpose and character of the alleged use and the effect of the use upon the potential market for value of the copyrighted work—as required for a fair use analysis. Accordingly, absent a fully developed record, a full fair use analysis is better suited on a motion for summary judgment.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is denied. (ECF No. 23).

**SO ORDERED.**

**Dated: March 25, 2021**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**